# UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT - N.D. OF N.Y.

# FILED

FEB - 6 2006

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Binghamton

ALEXANDER TUPAZ and
LOURDES TUPAZ,

                Plaintiffs,                **ORDER**

CLINTON COUNTY, NEW YORK,
and JANET DUPREY, in her Individual      Docket No.: 1:05-CV-606
Capacity and in her Official
Capacity as Clinton County Treasurer,

                Defendants.

By Notice of Motion dated September 20, 2005, the Defendants moved for an Order pursuant to Federal Rules of Civil Procedure §12(b)(c) and §56(b) dismissing the complaint and granting summary judgment in favor of the defendants. By Notice of Cross-Motion dated December 12, 2005, the Plaintiffs cross-moved for partial summary judgment in their favor.

The Court has reviewed and considered the Affidavit of Robert A. Rausch, Esq., sworn to December 20, 2005 and the exhibits annexed thereto, the Affidavit of Janet Duprey sworn September 19, 2005, the Memorandum of Law dated September 20, 2005, and the Defendants' Statement of Undisputed Facts; the Affidavit of Mark Schneider, Esq., sworn to December 12, 2005, and the exhibits attached thereto, the Plaintiffs' Brief dated December 12, 2005, the Plaintiffs' Statement of Material Facts and the Plaintiffs' Response to Defendants' Statement of Material Facts; the Reply Affidavit of Robert A. Rausch, Esq., sworn to December 21, 2005, and the exhibits attached thereto, the Reply Memorandum of Law dated December 21, 2005, the

Defendants' Response to Plaintiffs' Statement of Material Facts; and the Plaintiffs' Reply Brief dated December 26, 2005, and the exhibits attached thereto.

In addition, on January 9, 2006, the Court heard oral argument from Robert A. Rausch, Esq., counsel for Defendants, and Mark Schneider, Esq., counsel for Plaintiffs.

NOW, upon due deliberation, it is hereby

**ORDERED**, that the Court lacks subject matter jurisdiction over this matter, and it is further

**ORDERED,** that for the reasons set forth in full in the transcript of this Court's determination, a copy of which is attached hereto and incorporated into this Order, the motion of the Defendants is hereby granted, that the Defendants shall be granted summary judgment in their favor, and that the Plaintiffs' complaint in the above-captioned matter shall be dismissed with prejudice and in its entirety, and it is further

**ORDERED**, that the Plaintiffs' cross-motion for partial summary judgment shall be denied in its entirety.

DATED: February 4, 2006
at _____, New York

HON. Thomas J. McAvoy
U.S. District Court Judge

1

COPY

2  UNITED STATES DISTRICT COURT

3  NORTHERN DISTRICT OF NEW YORK

4  ----------------------------------------------

5  ALEXANDER TUPAZ and LOURDES TUPAZ

6

7                    Plaintiffs,

8      -versus-                        05-CV-606

9                                      **(DECISION)**

10  CLINTON COUNTY, NEW YORK, and

11  JANET DUPREY, in her individual capacity

12  and in her official capacity as Clinton

13  County Treasurer,

14                    Defendants.

15  ----------------------------------------------

16

17              TRANSCRIPT OF PROCEEDINGS held in and for

18  the United States District Court, Northern District of

19  New York, at the James T. Foley United States Courthouse,

20  445 Broadway, Albany, New York  12207, on MONDAY,

21  JANUARY 9, 2006, before the HON. THOMAS J. McAVOY,

22  United States District Court Judge.

23

24

25

              UNITED STATES DISTRICT COURT REPORTER - NDNY
                    BONNIE J. BUCKLEY, RPR

TUPAZ v CLINTON COUNTY    05-606

1    (Bench decision rendered as follows):

2        THE COURT:  Plaintiffs commenced the instant

3    property action pursuant to 42 U.S. Code Section 1983

4    claiming that they've been deprived of their real property

5    without due process of law in violation of the Fourteenth

6    Amendment and that New York Real Property Law Section 1125

7    and 1131 are unconstitutional.  The basic facts are as

8    follows.

9        Plaintiff owned certain real property in

10   Clinton County.  The county claims to have mailed several

11   notices to plaintiffs indicating that back taxes were due

12   and owing and that the property would be foreclosed if the

13   taxes are were not paid.  Plaintiffs do not recall receiving

14   any of these letters.  On October 10, 2003, the county sent

15   a notice and petition of foreclosure to plaintiff via

16   certified mail.  The post office indicated that the notice

17   and petition of foreclosure was delivered to plaintiffs on

18   October 16, 2003.  Plaintiffs, on the other hand, contend

19   that they never received the notice and that there's no

20   signature on the PS Form 3811.  There's a factual dispute

21   whether the making of the Form 3811 -- whether the marking

22   on the Form 3811 is a signature or a straight line.  For

23   purposes of this motion, the Court will assume the marking

24   is not a signature.  The county also published a notice of

25   foreclosure in a local newspaper once a week for three

UNITED STATES DISTRICT COURT REPORTER - NDNY
BONNIE J. BUCKLEY, RPR

TUPAZ v CLINTON COUNTY    05-606

1   nonconsecutive weeks.  The county ultimately commenced

2   foreclosure proceedings.  A default judgment was entered in

3   favor of the county and title transferred to it.  Plaintiffs

4   now contend that they were deprived of their property

5   without due process of law and that the notice requirements

6   under the New York State Real Property Law are

7   unconstitutional.

8               Although the parties briefed the substantive

9   merits of their respective cases, the Court is not prepared

10  to go that far.  The Court must first address an issue not

11  raised by either party; that is, subject matter

12  jurisdiction.  Courts have an obligation to determine

13  whether they have subject matter jurisdiction and, if

14  necessary, must do so sua sponte.  Although both parties

15  apparently assume such jurisdiction to exist because this

16  matter has been brought pursuant to 42 U.S. Code Section

17  1983, they have not discussed the Tax Injunction Act and the

18  related principles of comity as applied to this case.

19              The Tax Injunction Act is expressly designed

20  to restrict the jurisdiction of district courts of the

21  United States over suits relating to the collection of state

22  taxes.  Hibbs versus Winn, 542 U.S. 88, at 104, quoting

23  Senate Report Number 1035, 75th Congress, first session, at

24  page four.  In this case, plaintiffs are challenging the

25  constitutionality of the actions taken by the county in

UNITED STATES DISTRICT COURT REPORTER - NDNY
BONNIE J. BUCKLEY, RPR

TUPAZ v CLINTON COUNTY    05-606

1   collecting the property taxes.  Specifically, plaintiff

2   claims -- plaintiffs claim that in collecting property taxes

3   and enforcing the tax foreclosure scheme, defendants failed

4   to give them constitutionally adequate notice.  This

5   challenge is precisely the type of lawsuit prohibited by the

6   Tax Injunction Act and its related principle of comity.  See

7   Saglioccolo versus New York City Municipal Corporation, 1996

8   Westlaw 128243; MacNaughton versus Warren County, Number

9   03-CV-1467, affirmed, 123 Federal Appendix 425; see also

10  Baechle versus Town of Mendon, Vermont, 2005 Westlaw

11  3334708, at *4; Bernard versus Village of Spring Valley, 30

12  F.3d 294, at 297; Shulz versus Washington County Board of

13  Supervisors, 349 F.Supp.2d 375; Long Island Lighting versus

14  Town of Brookhaven, 889 F.2d 428.

15          By this lawsuit, plaintiffs are seeking to

16  preclude the county from collecting its taxes through the

17  foreclosure mechanism.  See Andresakis versus State of

18  Connecticut, 122 F.3d 1055, 1997 Westlaw 383456 at *2.  The

19  Tax Injunction Act applies to enforcement measures such as

20  foreclosures.  See Saglioccolo versus New York City

21  Municipal Corporation Department of Finance Bureau of Tax,

22  101 F.3d 108, 1996 Westlaw 128243 at *1; Keleher versus New

23  England Telephone and Telegraph Company, 947 F.2d 547;

24  abrogated on other grounds; Jefferson County, Alabama versus

25  Acker, 527 U.S. 423; Baechle, 2005 Westlaw 3334708 at *3 and

UNITED STATES DISTRICT COURT REPORTER - NDNY
BONNIE J. BUCKLEY, RPR

TUPAZ v CLINTON COUNTY     05-606

1   4; Finizie versus City of Bridgeport, 880 F.Supp. 89, at 91.

2   Further, it matters not that plaintiff may only be

3   challenging the action of certain officials.   The Second

4   Circuit has held that when the administration of a state tax

5   scheme is involved, even actions by state tax officials that

6   have been held in state court to contravene state laws are

7   not cognizable in federal court.   Hoffer versus Ancel, 32

8   Federal Appendix 593, at 597, citing Bernard, 30 F.3d 294.

9                Because plaintiffs have a plain, speedy and

10  efficient remedy in the state courts, such as a Section 1983

11  claim in state court, Bernard, 30 F.3d at 297, due process

12  is available.   Moreover, although the TIA mentions only

13  injunctions -- that's the Tax Injunction Act -- mentions

14  only injunctions, comity bars declaratory judgment and 42

15  U.S. Code Section 1983 damage actions as well.   Fair

16  assessment in Real Estate Association versus McNary, 454

17  U.S. 100, at 105.   Accordingly, the Court lacks jurisdiction

18  over the plaintiffs' claims.

19                This Court is aware that Akey versus Clinton

20  County, New York, 375 F.3d 231, a case involving the very

21  same attorneys as in this case, the Second Circuit addressed

22  the due process claims without addressing the Tax Injunction

23  Act.   It is unknown why the Second Circuit did not address

24  the Tax Injunction Act.   Upon review of the papers in that

25  case, however, it appears that the Tax Injunction Act was

UNITED STATES DISTRICT COURT REPORTER - NDNY
BONNIE J. BUCKLEY, RPR

TUPAZ v CLINTON COUNTY    05-606

1  not brought to the attention of the Circuit and perhaps the

2  Circuit overlooked that jurisdictional issue.

3            The Court is also aware of Luessenhop versus

4  Clinton County, 378 F.Supp.2d 63, another case involving

5  these same lawyers where, again, the parties did not address

6  the issue of subject matter jurisdiction and it was not

7  addressed by Magistrate Judge Treece.  That matter is now on

8  appeal to the Second Circuit.  The Court in a telephone call

9  last week discussed with Magistrate Judge Treece the Court's

10 view of jurisdiction, and Magistrate Judge Treece indicated

11 that he would be in contact with the Second Circuit.  It

12 would be prudent for the attorneys to raise the issue of

13 subject matter jurisdiction to the Second Circuit in that

14 case so that it can be properly addressed by the Circuit.

15            Now, even if the Court did have subject

16 matter jurisdiction, it would seem that most if not all of

17 plaintiffs' arguments are foreclosed by the state court

18 proceedings in which it was determined that plaintiffs

19 received proper notice notwithstanding the illegible mark on

20 the PS Form 3811.  See In Re Foreclosure of Tax Liens by

21 County of Clinton, 17 Appellate Division 3d 914, Third

22 Department, 2005.  Further, in light of the numerous first

23 class letters sent to plaintiffs' proper address regarding

24 their tax deficiencies and indicating that the failure to

25 pay taxes would result in foreclosure, none of which were

TUPAZ v CLINTON COUNTY    05-606

1  returned as undeliverable, the notice of foreclosure that

2  was sent by certified mail to plaintiffs' proper address and

3  confirmed by the postal service to have been delivered, and

4  the publication in the local newspaper, plaintiffs were not

5  deprived of their property without due process of law.  See

6  Weigner versus City of New York, 852 F.2d 646, Luessenhop

7  versus Clinton County, 378 F.Supp.2d 63.

8                    Plaintiffs make much of the fact that the

9  postal receipt contains a straight line through it or some

10  otherwise unintelligible mark.  The Court finds that fact to

11  be irrelevant.  Although the state statute may require

12  service by certified mail, the Constitution does not.  In

13  Weigner, the Second Circuit Court of Appeals held that first

14  class mail was constitutionally adequate and rejected a

15  requirement of using certified mail, return receipt

16  requested.  If first class mail, attendant with its risk of

17  non-delivery, is adequate, then a certified letter that has

18  been confirmed by the postal service to have been delivered

19  to plaintiffs' proper address passes constitutional muster.

20  Thus, in this case, plaintiffs received adequate notice and

21  were afforded an opportunity to be heard.

22                    For the foregoing reasons, the Court lacks

23  subject matter jurisdiction over this matter.  Assuming the

24  Court does have jurisdiction, defendants are entitled to

25  summary judgment.

UNITED STATES DISTRICT COURT REPORTER - NDNY
BONNIE J. BUCKLEY, RPR

TUPAZ v CLINTON COUNTY    05-606

1          Accordingly, if the Court has jurisdiction,

2   defendants' motion for summary judgment is granted,

3   plaintiffs' cross-motion for summary judgment is denied, and

4   the complaint is dismissed in its entirety.  The defendants

5   should submit an appropriate order on notice to plaintiffs

6   within 11 days of today's date.

7          Thank you both for interesting arguments.

8          Court stands adjourned in this matter.

9

10                    - - - - -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT REPORTER - NDNY
BONNIE J. BUCKLEY, RPR